NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3052

STEPHEN J. JONES,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

SMALL BUSINESS ADMINISTRATION,

Intervenor.

Stephen J. Jones, of Herndon, Virginia, pro se.

Michael A. Carney, General Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With him on the brief were B. Chad Bungard, General Counsel, and Rosa M. Koppel, Deputy General Counsel.

Dawn E. Goodman, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for intervenor.  With her on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director.

Appealed from:  Merit Systems Protection Board

.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3052

STEPHEN J. JONES,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

SMALL BUSINESS ADMINISTRATION,

Intervenor.

Petition for review of the Merit Systems Protection Board in DC1221070376-W-1.

_____

DECIDED: May 8, 2008

_____

Before MICHEL, <u>Chief Judge</u>, and LOURIE and GAJARSA, <u>Circuit Judges</u>.

PER CURIAM.

Stephen J. Jones appeals from the decision of the Merit Systems Protection Board ("Board") dismissing his Individual Right of Action ("IRA") appeal for lack of jurisdiction. <u>Jones v. Small Bus. Admin.</u>, DC-1221-07-0376-W-1 (M.S.P.B. Sept. 18,

2007) (initial decision dated Apr. 9, 2007). Because the Board's decision was in accordance with law, we affirm.

BACKGROUND

Jones was hired by the Small Business Administration ("SBA") on February 27, 2006, subject to a one-year probationary period, as a competitive service Loan Specialist (GS-1165-9). As part of a required background investigation, Ms. Linda M. Roberts, Director, Office of Security Operations of the SBA Office of Inspector General ("SBA OIG"), obtained Jones's credit report. Via a letter dated July 14, 2006, Roberts contacted Jones seeking additional information concerning one outstanding judgment and five outstanding delinquent debts identified in the credit report, and one federal income tax deficiency disclosed by Jones on his personal history forms. The letter stated that by August 18, 2006, Jones must provide documentation demonstrating that each outstanding debt was in error, in dispute, or subject to a repayment plan.

By a letter dated August 16, 2006, Jones responded that he had been unemployed or temporarily employed for forty-seven months with minimal income. He acknowledged the tax delinquency, the judgment, and four of the five outstanding debts. Jones did not provide documentation supporting his challenge to the debt reportedly owed to Chase Bank. Jones also noted that his tax refunds for years 2003 through 2005 had been offset against his outstanding 2002 delinquency. For each of the amounts owed, Jones stated that he intended "in good faith" to repay his obligations upon restoration of his previous income level, and that at that time he would negotiate a lump-sum payment or "monthly payments not to exceed twenty-five ($10.00) [sic] dollars monthly." Finally, Jones stated that six months of stable employment was an

insufficient amount of time for him to establish a fixed payment plan given the length of his unemployment.

On August 19, 2006, Roberts sent Jones an e-mail informing him that his reply was not adequate and reiterating the requirement that for each of the seven debts, documentation of an error or a repayment plan was necessary. Jones was given until September 5, 2006, to respond. Jones responded by letter on September 1, 2006, stating that he believed that he had "already provided more than sufficient information to demonstrate a good faith intent to satisfy all just obligations in compliance with 5 CFR 2635.809." Jones further stated that it was his position that the request for documentation was "unreasonable, excessive and without authorization in regulation or law and potentially ill-legal." He also clarified his prior statement that he would "pay up to ten ($10.00) dollars monthly on each of the acknowledged accounts in the event that [he was] not immediately pay adjusted to the full pay level for which [he] applied." He stated that he was in the process of establishing automatic payments to the IRS for his tax delinquency but that the arrangement would not be completed by the stated deadline. Jones concluded by stating that, given the unreasonableness of the SBA's demands, he could only seek review of any proposed removal action.

On September 8, 2006, prior to completion of the one-year probationary period, Jones was terminated because of his failure to document either a challenge to or a repayment plan for each of his debts. Jones challenged his termination at the Board, but was unsuccessful. Jones v. Small Bus. Admin., DC-315H-06-0874-I-1 (M.S.P.B. Mar. 19, 2007). The Board noted in its decision to adopt the Initial Decision of the

Administrative Judge ("AJ") that Jones had filed documentation indicating his wish to file an IRA appeal and forwarded that appeal to the regional office for docketing.

In his IRA appeal, Jones asserted that the agency had terminated him in retaliation for conduct protected under the Whistleblower Protection Act ("WPA"). See 5 U.S.C. § 2302(b)(8). On February 20, 2007, the AJ issued an order explaining the criteria for an IRA appeal and requiring Jones to provide evidence and argument demonstrating that his appeal was within the Board's jurisdiction. Jones filed his response on March 27, 2007.

On April 9, 2007, the AJ concluded that Jones had failed to make non-frivolous allegations sufficient to establish Board jurisdiction and dismissed the appeal without a hearing. The AJ determined that Jones's allegations were insufficient on two grounds: first, the AJ stated that Jones had failed to disclose the allegedly improper actions to anyone who could remedy them because he only asserted that Roberts' actions were illegal to Roberts' herself; second, the AJ concluded that Jones had failed to make a non-frivolous allegation that he had disclosed a violation of law, rule, or regulation.

On September 18, 2007, the full Board denied Jones's petition for review because it found no new, previously unavailable evidence or error of law by the AJ. See 5 C.F.R. § 1201.115. The AJ's initial decision thus became the final decision of the Board. See 5 C.F.R. § 1201.113. Jones timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Much of Jones's argument on appeal relates to the merits of the SBA's termination decision, which was the subject of his first Board appeal, rather than his

allegation that he was terminated because of whistleblower activity. That is because his reasoning is circular. He argues that his termination was improper and that, because he argued against his termination, he made a protected disclosure. That is no different from his argument that his termination was improper in the first place. That argument would properly have been made in an appeal from his prior merits proceeding before the Board, but is not relevant in this case. With respect to this whistleblower claim, Jones argues that the SBA OIG was the designated recipient for whistleblowing disclosures, that this was not a dispute with his normal supervisor over daily job responsibilities, and that Roberts, while acting contrary to law and regulation, was doing so in accordance with agency interpretation of its obligations rather than simply on her own initiative. Jones adds that the rule that disclosure to an alleged wrongdoer is insufficient to qualify for whistleblower protection is a general rather than an absolute rule. Jones also argues that he provided reasonable evidence of a belief that 5 U.S.C. § 2301(b)(2) and 15 U.S.C. § 1674 had been violated by the SBA.

The Board responds that the alleged disclosure was not made to Roberts as the designated official to receive protected disclosures but rather simply in response to her request for further information. The Board argues that there could be no reasonable belief in a violation of 5 U.S.C. § 2301(b)(2) because the requested information was a reasonable request for someone in Jones's position as a Loan Specialist. Further, the Board defers to an agency's determination of the requirements for a particular position. The Board also argues that there could be no reasonable belief that 15 U.S.C. § 1674 had been violated because it relates to adverse actions based upon garnishment of an employee's wages, and there was no garnishment of Jones's wages at issue.

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003).

We agree with the Board that Jones has failed to show a reasonable belief that he made a disclosure evidencing a violation of law, rule, or regulation. It does not appear that Jones specifically raised 5 U.S.C. § 2301(b)(2) as a basis for his claim below, although he did generally make claims of a similar nature. In any event, § 2301(b)(2) provides that "employees and applicants for employment should receive fair and equitable treatment in all aspects of personnel management . . . with proper regard for their privacy and constitutional rights." Section 2301 is merely a statement of general principles and contemplates the issuance of more specific rules and regulations to implement those principles. There is no claim here that any such rule or regulation was violated.

Also, Jones has failed to demonstrate that the SBA's request that he provide documentation of any negotiated repayment plans for his debts lacks a reasonable relation to his prior position as a Loan Specialist or that it is an unreasonable intrusion upon his privacy. As stated by the AJ, 15 U.S.C. § 1681b(a)(3)(B) allows consumer reporting agencies to supply a credit report if they reasonably believe that the requestor "intends to use the information for employment purposes." Moreover, the SBA did not

require that any repayment plans include specific terms or deadlines, merely that Jones contact each of his obligation holders to negotiate a resolution of the debt.

Jones has also failed to demonstrate a reasonable belief that 15 U.S.C. § 1674 had been violated. Section 1674 provides that "[n]o employer may discharge any employee by reason of the fact that his earnings have been subjected to garnishment for any one indebtedness." There is no evidence that Jones's wages were subject to garnishment. Jones argues that the principle of this provision has nevertheless been violated. However, that vague assertion is insufficient to meet the requirements for a protected disclosure. In any event, Jones was not terminated simply because he had unpaid debts, but for his failure to take reasonable steps to negotiate settlement of those debts.

Because the Board's decision was in accordance with applicable law, we affirm its dismissal of Jones's action for lack of jurisdiction.

COSTS

No costs.